**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARYLAND MINORITY CONTRACTORS
ASSOCIATION, INCORPORATED; RICHARD
J. COLON, t/a Mace Electric
Company, Incorporated; ROBERT A.
HARRIS, t/a B. A. Harris
Construction, Incorporated; PLESS B.
JONES, t/a P and J Contracting
Company, Incorporated,
Plaintiffs-Appellants,

v.

MARYLAND STADIUM AUTHORITY;
JOHN A. MOAG, JR., Officially and
Individually; JOHN BROWN, III,
Officially and Individually; WILLIAM

R. BROWN, JR., Officially and
Individually; NORMAN M. GLASGOW,
SR., Officially and Individually;
WILLIAM K. HELLMAN, Officially and
Individually; JOSHUA I. SMITH,
Officially and Individually; W.
ROBERT WALLIS, Officially and
Individually; BRUCE H. HOFFMAN,
Officially and Individually; ALICE
M. HOFFMAN, Officially and
Individually; HARRIS REBOR
ATLANTIC, INCORPORATED,
Defendants-Appellees,

and

No. 98-2628

THE CLARK CONSTRUCTION GROUP,
INCORPORATED; WHITING
TURNER/BARTON MALOW/ESSEX, A
Joint Venture for Camden Yards
Football; GARY C. HARKNESS,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-97-513-CCB)

Submitted: September 17, 1999

Decided: October 18, 1999

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Georgia Marie Harmon Goslee, Silver Spring, Maryland, for Appellants. J. Joseph Curran, Jr., Attorney General of Maryland, Maureen Mullen Dove, Assistant Attorney General, Steven M. Sullivan, Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

2

**OPINION**

PER CURIAM:

Maryland Minority Contractors Association, Inc. (MMCA) and three of its member contractors (collectively Appellants) filed suit in the United States District Court for the District of Maryland, claiming that the Maryland Minority Business Enterprise affirmative action statute, Md. Code Ann., State Fin. & Proc. §§ 14-301 to -309 (Michie Supp. 1998) (the MBE statute), and its implementation by the Maryland Stadium Authority (the MSA) in awarding contracts for the construction of the Baltimore Ravens football stadium violated their right to equal protection under the Fourteenth Amendment and the Civil Rights Acts. The district court dismissed all counts of the complaint either on grounds of standing or because the count failed to state a claim. Finding no error, we affirm.

On February 19, 1997, Appellants brought the instant suit seeking declaratory, injunctive, and monetary relief against the MSA and nine of its top board members and employees.* Counts One and Four allege that the MSA's use of bidder pre-qualification is racially discriminatory and prevents firms owned by African-Americans and Hispanics from bidding on contracts for which they are otherwise qualified. Counts Two and Five allege discrimination in the awarding of a subcontract under the prime contract for the stadium's concrete construction by Clark Construction Group, Inc. (Clark) to a firm owned by a white woman, whose bid was higher than the bid submitted by an Asian-Indian-owned firm. Count Three alleges that the MBE statute is unconstitutional on its face for overinclusiveness, because it includes women, other minorities, and firms from out of state against whom no findings of past discrimination in the Maryland construction industry have been made; and is unconstitutional as applied because the MSA's fulfillment of MBE goals by granting contracts to white women is a mere pretext for racial discrimination

_____

*Defendants also originally named, but voluntarily dismissed, were Clark Construction Group, Inc., prime contractor for stadium concrete erection; Whiting Turner/Barton Marlow/Essex joint venture, construction manager for the stadium; and Gary C. Harkness, project director for the joint venture.

3

against Appellants. Count Six alleges that a subcontract between Clark and Genesis, a certified MBE owned by an African-American, illegitimately counted some $2 million of material purchased by Genesis from a white-owned firm toward fulfillment of MBE goals. On September 30, 1998, the district court dismissed all six counts of the complaint, either on grounds of standing or because the count failed to state a claim.

Appellants filed a timely notice of appeal of the district court's dismissal of Counts One, Three, and Five. Appellants do not appeal the district court's dismissal of Counts Two, Four, and Six. Before us, Appellants assert that the district court erred in finding that MMCA lacked standing to maintain this action because the complaint sufficiently alleged that the MSA's unlawful racially discriminatory contracting policy and practices have caused MMCA injury in fact by frustrating its corporate purpose and requiring it to spend valuable corporate resources combating this discrimination. Appellants also argue that the district court erred in dismissing Count One because the allegations in the complaint were sufficient to raise an inference of intentional and purposeful discrimination on the part of the MSA and that the district court should have applied the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Finally, Appellants argue that the district court erred in dismissing Count Three because the complaint sufficiently alleged that the MBE statute did not comply with the Fourteenth Amendment.

When a district court dismisses a suit for lack of standing or for failure to state a claim, our review is de novo. See Marshall v. Meadows, 105 F.3d 904, 905-06 (4th Cir. 1997) (standing); Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 n.16 (4th Cir. 1992) (failure to state a claim). In our review, we must assume as true all allegations of the complaint, and must construe the complaint in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975) (standing); Republican Party, 980 F.2d at 952 (failure to state a claim).

We have reviewed the submitted record and briefs, as well as the pertinent case law on this matter, and are persuaded that the judgment of the district court was correct. See Maryland Minority Contractors

4

Ass'n v. Maryland Stadium Auth., No. 97-513-CCB (D. Md. Sept. 30, 1998).

AFFIRMED